ROBERT L. THURSTON & others. *vs.* CHARLES HORTON & others.

A person cannot be charged as a copartner in business carried on at a mill, for the price of a steam-engine and machinery erected in the mill under a written contract with another person admitted to be a copartner, by proof of his being owner as tenant in common of the mill with those admitted to be copartners; and of his having said that the engine was satisfactory, and that when the mill was built he was a partner in the concern, but had since sold out to the others.

ACTION OF CONTRACT for the price of a steam-engine and machinery.    The defendants were all defaulted, except James W. Horton.

At the trial in this court, the plaintiffs offered evidence tending to show that the defendant Charles Horton contracted

in writing with them to construct a steam-engine and machinery for a mill in Seekonk, representing it to be his property, (there being no evidence whether the other defendants knew of this representation,) and that they accordingly constructed and delivered the same and set them up in the mill; and that the title to the land on which the mill was built was not in Charles Horton, but by a deed, dated, executed and acknowledged before the making of the contract, though not recorded till afterwards, had been conveyed to the other defendants named in the writ. One of the plaintiffs testified that while they were putting in the engine he was at the mill and saw James W. Horton there, and heard him say that the engine was satisfactory, or words to that effect; and that on another day soon after, at the mill, he told the witness that when the mill was built (which was proved to have been a short time before the engine was put in) he was one of the partners in the concern, but afterwards sold out to his brothers. *Hoar,* J. instructed the jury that this evidence did not maintain the action against James W. Horton; and after a verdict for him, reported the case for the decision of the full court.

*C. W. Thrasher,* for the plaintiff.

*B. Sanford,* for the defendant.

MERRICK, J. To maintain this action against James W. Horton, by whom alone it is defended, it was necessary that the plaintiffs should show, that either at the time when the contract for the steam-engine was made, or when it was finished and set up in the mill, he was a copartner of the other defendants. Upon this question they failed to produce sufficient evidence to establish the fact which it was incumbent on them to prove. James W. Horton was an owner as tenant in common with the other defendants of the mill in which the steam-engine was placed; but that did not constitute him a partner with them, either in the ownership of the machine, or in the transaction of the business in connection with which it was to be used. Beyond the mere fact of his interest in the real estate, the only additional evidence offered to prove that he was a member of the partnership was derived from what he

had himself said upon the subject; and as nothing was shown to controvert his statements, they must of course be taken to be true. 1 Greenl. Ev. § 201. His remark upon one occasion in the mill that the engine was satisfactory proves nothing against himself; it referred only to the qualities or working capacity of the machine, and not at all to the liability of those by whom it was to be paid for. He said upon another occasion that when the mill was built he was one of the partners in the concern, but that he afterwards sold out to his brothers. This statement, so far from showing that he had any interest in the operations which were being carried on by the other defendants, when the engine was contracted for or put into the mill, has a tendency to show that he was wholly disconnected from them. The whole evidence produced could not have warranted the jury in finding a verdict against him upon the issue to be determined; and if they had done so, we think the court, upon a motion to that effect, would have felt itself constrained to set it aside as a verdict against evidence.　　　　　　　　*Judgment on the verdict.*